```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


DAVE MISCH, Board of Trustees  )
Chairman on behalf of Local    )
No. 210 Plumbers Welfare Fund, )
et al.,                        )
                               )
          Plaintiffs            )
                               )
     v.                        )  Case No. 2:09 cv 28
                               )
HEBRON PLUMBING AND HEATING,   )
INC., THOMAS G. HARRISON,      )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Set Aside Entry of Default [DE 27] filed by the defendants, Hebron Plumbing and Heating, Inc. and Thomas G. Harrison, on December 17, 2009, and the Motion to File Instanter Their Amended Response Correcting Clerical Errors in Plaintiffs' Response in Opposition to Defendants' Motion to Set Aside Judgment [DE 38] filed by the plaintiffs on February 12, 2010.  For the following reasons, the Motion to Set Aside Entry of Default is **DENIED,** and the Motion to File Instanter Their Amended Response is **GRANTED.**

Background

The plaintiffs, Dave Misch and Tom Fistrovich on behalf of Plumbers Local No. 210 Welfare Fund, Retirement Fund, and Joint Apprenticeship Fund (hereinafter, the Plumbers Union), filed their original complaint on February 11, 2009.  In Count I, the Plumbers Union alleges that the defendants, Hebron Plumbing and

Heating, Inc., had breached its contractual obligations pursuant to the collective bargaining agreement with the Plumbers Union.

The Plumbers Union alleges Hebron, through membership, had assigned its collective bargaining rights to the Plumbing and Piping Contractors' Association, Inc. The collective bargaining agreement between the Association and the Plumbers Union became effective June 1, 2007, and does not terminate until May 31, 2013. The Plumbers Union seeks to collect delinquent contributions, interest, liquidated damages, attorneys' fees and costs from Hebron.

In Count II of the same complaint, the Plumbers Union has named the owner of Hebron Plumbing, Thomas G. Harrison, as a second defendant, alleging Harrison's personal liability based upon acts of bad faith and/or fraud with respect to the Plumbers Union Trust Fund.

On February 23, 2009, both Hebron Plumbing and Harrison separately were served with the summons and complaint. Neither Hebron Plumbing nor Harrison filed an appearance or a responsive pleading with the court. Subsequently, on April 10, 2009, the Plumbers Union filed a Motion for Clerk's Entry of Default against Hebron Plumbing and Harrison. As to both, a Clerk's Entry of Default was granted on April 15, 2009. Default judgment against Hebron Plumbing was entered on June 8, 2009. After failing to produce court-ordered documents, default judgment was entered against Harrison on September 1, 2009. The default judgment was $55,989.64 in total.

On October 27, 2009, this court entered an Order granting a Motion for Proceedings Supplemental against the defendants, which was served upon both Hebron Plumbing and Harrison. On November 11, 2009, counsel for Hebron Plumbing and Harrison entered her appearance. Hebron Plumbing and Harrison filed their Motion to Set Aside Default Judgment on December 17, 2009, citing as reasons for not responding to the complaint or the motion for entry of default Harrison's illness and multiple surgeries, Harrison's misunderstanding that he was a separate defendant in the action, and Harrison's assumption that legal action would be avoided because of resolutions in past disputes with the Plumbers Union.

Hebron Plumbing and Harrison also offer several factual arguments in defense of the merits of the complaint such as the lack of an agreement between the Association and Hebron Plumbing which binds them to the collective bargaining agreement and the amount of the judgment owed to the Plumbers Union.

## Discussion

As an initial matter, the Motion to File Instanter Their Amended Response Correcting Clerical Errors in Plaintiffs' Response in Opposition to Defendants' Motion to Set Aside Judgment did not elicit a response from the defendants. Based on the nature of the errors being corrected and the lack of objection, the court **GRANTS** the motion.

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set

aside a default judgment under Rule 60(b)."  Federal Rule of Civil Procedure 60(b)(1) allows a final order to be set aside for mistake, inadvertence, surprise or excusable neglect.  However, relief under Rule 60(b) is an "extraordinary remedy" and only given in "exceptional circumstances."  ***Cracco v. Vitran Express, Inc.,*** 559 F.3d 625, 630-31 (7th Cir. 2009).  The party asking to vacate an entry of default prior to the entry of final judgment must demonstrate all of the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.  *See **Cracco***, 559 F.3d at 630 (*citing* ***Pretzel & Stouffer v. Imperial Adjusters, Inc.***, 28 F.3d 42, 45 (7th Cir. 1994)).

The aforementioned test applies to motions seeking relief from a default judgment under both Rule 55(c) and Rule 60(b).  However, the standard is applied more strictly for Rule 60(b) as opposed to Rule 55(c).  *See generally **United States v. Di Mucci***, 879 F.2d 1488, 1495 (7th Cir. 1989) (explaining the test "is more liberally applied in the Rule 55(c) context.").  This circuit favors a policy of promoting a trial based on the merits rather than default judgments.  ***Cracco***, 559 F.3d at 631; ***Sun v. Board of Trustees University of IL***, 473 F.3d 799, 811 (7th Cir. 2007); ***C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.***, 726 F.2d 1202, 1205 (7th Cir. 1984).

Good cause is shown by a failure to respond to the summons and complaint through inadvertence – willfully ignoring the pending litigation will not suffice.  ***Cracco***, 559 F.3d at 631;

***Passarella v. Hilton Int'l Co.***, 810 F.2d 674, 677 (7th Cir. 1987). *See **Hood v. Menard Tactical Team***, 2010 WL 1416103, *1, 2 (S.D. Ill. Apr. 1, 2010) (the court did not abuse its discretion by refusing to set aside a motion to vacate because defendant's assumption that he was appointed legal representation did not constitute excusable neglect when several months passed since the entry of a default judgment and "any action" by the defaulting party), *and **Lyons Partnership L.P. v. Welle***, 2010 WL 680877, *2 (N.D. Ill. Feb. 22, 2010) (finding defendant's failure to respond to hearing because of cash flow problems and subsequent inability to retain counsel was not considered good cause to vacate default judgment), *and **Lauer v. Dave Kieffer Tile, Inc.***, 2010 WL 411870, *2 (N.D. Ind. Jan. 29, 2010) (upholding default judgment where defendant failed to show good cause because claiming that he did not know the lawsuit was against him personally and believed it was only against his company was without merit; "[s]imply stating he did not know he was personally involved is insufficient to show cause under the exacting standard of Rule 60(b)," especially considering the face of the complaint, which named him as a defendant).

"Because Rule 60(b) focuses on relief from judgments, the 'quick action' prong of the standard for vacating default judgments must concern itself with the time elapsing between entry of judgment and the motion to vacate." ***Jones v. Phipps,*** 39 F.3d 158, 165 (7th Cir. 1994). Quick action to vacate a default judgment is appropriate when filed in a timely fashion. *Compare **Cracco**,*

559 F.3d at 631 (finding a quick response by the defendant, where it filed its motion only eight days after the court entered an order of default, on the day that it learned about the legal proceeding) *and* ***Delange v. VTS Decorating Co., Inc.***, 2009 WL 1606853, *1 (N.D. Ind. June 5, 2009) (finding defendant's response within less than one week was sufficient for a timely response), *with* ***Lauer,*** 2010 WL 411870, at *2 (holding quick action did not exist where defendant allowed ten months to lapse from the original complaint to his first appearance and where three months had passed from the time of default judgment to the defendant's response).

Lastly, in order to vacate a default judgment, a meritorious defense to the complaint must be shown. ***Cracco***, 559 F.3d at 630. Providing the court and opposing party with the nature of the defense and a factual basis for that defense satisfies this requirement. *Id.* (holding that defendant notified the plaintiff and the district court of the nature of its defense and provided the factual basis for that defense made a sufficient showing of a meritorious defense). Still, a meritorious defense requires more than just a "general denial" or "bare legal conclusions." *See* ***Pretzel & Stouffer,*** 28 F.3d at 46 (*citing* ***Breuer Electric Manuf. Co. v. Toronado Systems of America,*** 687 F.2d 182, 186 (7th Cir. 1982)).

In the first prong of the test concerning good cause, Hebron Plumbing and Harrison offer as evidence of good faith for the default several justifications for the delay. First, Hebron

6

Plumbing and Harrison assert that past disputes with the Plumbers Union regarding monies owed have been resolved out of court and without the need to retain counsel or formally defend itself. Thus, they argue that it was reasonable for Hebron Plumbing and Harrison to assume that the current lawsuit would dispose of itself in a similar fashion. The court disagrees, mostly because such a notion trivializes the use of federal courts.

Hebron Plumbing and Harrison failed to discern whether this was a formal or informal matter, whether resolution would be reached in court or out of court, or whether the matter was just another "minor dispute," compared to a more serious lawsuit filed in federal court. Being served the complaint is a clear indication a formal proceeding has begun and the parties require counsel to respond. Further, while any judge welcomes informal dispositions to proceedings, ignoring the lawsuit by anticipating an informal resolution is a calculated risk. After receipt of the summons, an entry of a default judgment, and an order for proceedings supplemental, reliance upon past dealings to resolve the matter no longer was reasonable.

Hebron Plumbing and Harrison next contend that Harrison's illness and the eleven surgeries following the illness significantly impaired his ability to devote full attention to this lawsuit. Harrison's affidavit states:

> Although I was aware of this lawsuit, my ability, as an officer of Hebron Plumbing, to fully address the requests for documentation by the plaintiff were made difficult by a long period of illness I have suffered over the last two years.

Aff. of Harrison [DE 27-2]

Harrison's initial proposition, "[I] was aware of this lawsuit," rather than showing good faith, mistake or excusable neglect, evidences a willful disregard.

Also, Harrison swearing that his abilities to address the situation "were made difficult" does not indicate any justifiable level of incapacitation for ignoring the court activities. It is unknown whether this illness or the eleven surgeries alluded to are relevant to this pending dispute: "over the last two years" narrows the illness to sometime in between December 2007 and December 2009. This lawsuit did not originate until February 11, 2009.

Lastly, it is shown in the plaintiffs' response and is not disputed by Harrison that in 2009, he worked 188 hours in February, 120 hours in March, 120 hours in April, 160 hours in May, 136 hours in June and 176 hours in July. There is no explanation as to how Harrison's illness could incapacitate him so that he was unable to respond to this lawsuit yet still able to work an average of 150 hours per month.

Thirdly, Harrison states, "[A]lthough I was aware that sums might be owed to the Union by Hebron Plumbing, I did not understand that the Union was trying to obtain a personal judgment against me." (Aff. of Harrison) Again, Harrison fails to offer a sufficient reason for excusable neglect or good cause. There does not appear to be any contention that either the summons or the complaint, which were issued separately from Hebron Plumb-

8

ing's summons and complaint, lacked specificity or was vague as to who is named as the defendant. *See, e.g.,* **Lauer,** 2010 WL 411870, at *2 ("The receipt of two complaints . . . should have made it clear that there were actually two defendants."). For the foregoing reasons, Hebron Plumbing and Harrison have failed to show good cause for default or that excusable neglect exists, and this failure prohibits setting aside entry of the default judgments.

As to the second prong, Hebron Plumbing and Harrison, citing no authority, argue the "clock" began to run after the notice of the proceedings supplemental was served and Hebron and Harrison retained counsel. However, under the correct standard, the time begins when the default judgment was entered, and the time ends when the motion to vacate the default has been filed. **Jones,** 39 F.3d at 165.

Here, default judgment against Hebron Plumbing was entered on June 8, 2009, and against Harrison on September 1, 2009. On November 11, 2009, appearances were entered for Hebron Plumbing and Harrison regarding this lawsuit, more than two months after the entry of default judgment. Not until December 17, 2009, was a Motion to Set Aside Default Judgment filed, more than three months later. Such a delay is not considered quick action within the facts of this case.

Finally, a showing that the amount of claims against Hebron Plumbing and Harrison are in dispute and that neither Hebron Plumbing nor Harrison were parties to the collective bargaining

agreement may be meritorious defenses satisfying the third prong. Nonetheless, the defendants chose to waive these arguments by failing to bring those defenses before the court in a timely fashion.

———————————————

For the foregoing reasons, the Motion to Set Aside Entry of Default Judgment [DE 27] filed by the defendants on December 17, 2009, is **DENIED**, and the Motion to File Instanter Their Amended Response Correcting Clerical Errors in Plaintiffs' Response in Opposition to Defendants' Motion to Set Aside Judgment [DE 38] filed by the plaintiffs on February 12, 2010, is **GRANTED.**

ENTERED this 15th day of June, 2010.

s/ ANDREW P. RODOVICH
United States Magistrate Judge